Johnson, C. J.
Prom the findings of fact it is clear ; 1st. That John Dukes in November, 1872, intended to make a full disposition of all his estate without leaving a will/ 2d. That in part execution of that intention he, through a trustee, executed and delivered a deed, in fee, of the land in controversy to his wife as a suitable provision for her, in full for all her claims as widow against his estate, in consideration that she would relinquish all claims as dower or otherwise against the same ; and 3d. That such provision was reasonable and was accepted by her in lien of all claims against her husband’s estate.
This was in legal effect a jointure, settled on her during coverture, which vested in her the estate in fee, and the subsequent destruction of the deeds did not reinvest her husband writh the legal title, though done with her consent, and was so intended by the parties.
It further appears that from physical inability, at the time, to fully execute his intention to make a full disposition of his property, the matter was postponed for a time and finally abandoned, and an ineffectual effort made to undo what had been done by the destruction of the deeds to his wife; and that subsequently he died intestate seized of other real estate in which his wife was entitled to dower, if not barred by the jointure, and that she being in doubt as to her rights in the matter, and not having been fully advised in relation thereto, demanded and received her dower in a portion of said lands, which have been sold to pay debts, and still claims dower in those not yet sold, while retaining possession of the land in controversy and prosecuting this action to establish her jointure, by reason of the fact that her title deeds were never recorded.
1. From this state of facts it is clear that by the delivery of the deeds, the legal estate vested in her. It was not divested by destroying the deeds, even with her consent, and that at her husband’s death she might elect to waive her jointure and be endowed under the statute (Revised Stat. § 4189).
2. That it would be inequitable to allow the widow to claim both jointure and dower, when the former is a reasonable provision for her, in lieu of the latter.
*650 3. That as her claim to dower was made after the commencement of this action to quiet her title to the jointure, and while her right to this land was in grave doubt, and before she was fully advised in the premises, she should not be thereby estopped from her election under section 4189 of the Revised Statutes.
4. But if she now elects to prosecute this action to establish her jointure she must restore to the estate the amount already received as dower in the lands sold, and release her claim to dower in the unsold lands.
Something has been said as to her returning also, the amount she has received as widow for her year’s support.
Under Collier v. Collier, 3 Ohio St. 369, she 'is entitled to this allowance notwithstanding this provision was in full of all claims against said estate.

Judgment aeeordingl/y.